LeSUEUR, Judge.
New Orleans Silversmiths, Inc. appealed from a judgment on a rule ordering its eviction from the premises it occupies at 505 Royal Street under an alleged verbal lease agreement. This case is a sequel to a previous case between the same parties tried before this court and reported in La. App., 223 So.2d 686 (1969).
Originally, the Four Seasons pastry shop and the New Orleans Silversmiths were business undertakings of the Dingeldein family, both operating at 505 Royal Street, under a written lease between the owners of the property and Karl Dingeldein. After execution of this lease, Karl Dingeldein died and on December 15, 1965, his heirs, Mrs. Katy Dingeldein, Johanna Dingeldein and Carl Dengel, entered into an option agreement with Hans Luetkemeier for the purchase of the silver business by Luet-kemeier. This option agreement, as part of the consideration for the purchase of the business, guaranteed the lease of the property to Mr. Luetkemeier until January 1, 1968. The option period was for one year ending December 15, 1966.
On December 27, 1966, Mrs. Katy Din-geldein, Johanna Dingeldein and Carl Den-gel sold the silver business known as New Orleans Silversmiths to New Orleans Silversmiths, Inc., Hans Luetkemeier, President. The parties agree this sale was not an exercise of the option agreement. The terms of payment were different from those of the option agreement and the provision concerning the guaranteed lease through January 1, 1968, was not contained in the sale agreement.
In September, 1968, plaintiff attempted to evict defendant but the subsequent acceptance of the October rent check terminated any rights of eviction, as held in our previous decision dated June 2, 1969.
A new lease was executed for the period of October 1, 1968 through September 30, 1970, in Carl Dengel’s name but this lease was re-executed shortly thereafter naming Four Seasons, Inc. as lessee, for the same period of time at the insistence of Mrs. Katy Dingeldein, President of Four Seasons, Inc.
Immediately after rendition of this court’s judgment of June 2, 1969, new eviction orders were served on June 12, 1969. Defendant tendered the July and August rent payments which plaintiff refused and returned. On a rule tried on August 19, 1969, judgment was rendered in favor of plaintiff ordering defendant’s immediate eviction. Defendant appealed.
Defendant bases its claim to occupancy on a verbal agreement of lease between Hans Luetkemeier, President, and Paul J. Lea-man, Jr., Secretary, representing New Orleans Silversmiths, Inc., and Carl Dengel, representing the heirs of Karl Dingeldein. This alleged verbal lease provided for continued occupancy of the premises by defendant for the term of the renewed lease after October 1, 1968 and was allegedly a part of the consideration for the sale. Mr. Leaman stated that he had dealt with Carl Dengel throughout the purchase negotiations and that Mr. Dengel had informed him that he was negotiating a new lease and that New Orleans Silversmiths, Inc. could stay as long as the Dingeldeins and he had a lease, but that a new arrangement would have to be worked out with them *577 as an increase in rent was expected. Mr. Leaman admitted that a definite arrangement was never finalized but insisted that he still had a valid verbal sublease.
Mr. Dengel testified that he had assured Luetkemeier and Leaman that they could maintain their location until the termination of the lease in effect until September 30, 1968, but that he had carefully explained that there was no sublease provision and he could not insure future occupancy. At that time he did not have a lease extending past September 30th and could not agree to an occupancy agreement past that date.
The presence or absence of a verbal lease agreement between Leaman and Den-gel is a matter of fact, based on the content and credibility of their testimony. The trial judge observed the witnesses and heard their testimony, at the end of which he concluded that defendant had failed to sustain the burden of proof necessary to prove a verbal lease. From the record before us we find no error in the trial judge giving more credence to the testimony of Dengel concerning the negotiations for future occupancy; therefore, we concur in his decision that no contract of verbal lease was entered into.
The purchase agreement dated December 27, 1966 makes no mention of any agreement to guarantee the future lease of the premises by defendant and cannot serve as a basis for defendant’s continued occupancy of the premises. This guarantee was part of the option agreement but the option was not exercised and the sale, as evidenced by the agreement of December 27, 1966, was a new agreement with different terms. Mr. Leaman testified that the silversmith business would not have been purchased if it could not continue at that location and that the location was important to the business. Although we can acknowledge the importance of the location to the established business, the record does not contain sufficient evidence to prove that the continued location of the business at SOS Royal Street was a condition of the sale. Such an agreement would have been of questionable value under the terms of the written lease between the property owners and Karl Dingeldein terminating September 30, 1968, or the lease issued to Four Seasons, Inc. effective October 1, 1968, because both leases contained a prohibition against a sublease by the lessee without the lessors’ permission.
Defendant comments upon the fact that a lease effective October 1, 1968, was issued to Dengel and shortly thereafter cancelled and replaced by a lease issued to Four Seasons, Inc. as an indication that Dengel had the authority to bind the corporation. Although Dengel had negotiated the sale to New Orleans Silversmiths, Inc. and had continued to represent the heirs in subsequent acts, the scope of his authority, either actual or implied, is not material to this decision since the court found that he had not bound either the corporation or the heirs.
For the foregoing reasons, the judgment of the trial court granted in favor of Four Seasons, Inc. against New Orleans Silversmiths, Inc. ordering it to vacate the premises 505 Royal Street, New Orleans, La., and to deliver possession thereof to Four Seasons, Inc., and upon failure to do so within 24 hours after rendition, a Writ of Possession issue directed to the Civil Sheriff for the Parish of Orleans, to eject New Orleans Silversmiths, Inc. from the premises and place Four Seasons, Inc. in full and absolute possession, reserving all rights to claim any unpaid rentals, is affirmed. Costs of this appeal, as were costs of the trial below, are assessed against New Orleans Silversmiths, Inc.
Affirmed.